IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRUS ROBERT SANDERS, JR.,** | : | **CIVIL NO. 1:06-CV--2349** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **PA. DEPARTMENT OF** | : | |
| **CORRECTIONS,** | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

On December 7, 2006, petitioner Cyrus Robert Sanders, Jr. ("Petitioner"), an inmate presently confined at the State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that his state court sentence was illegally aggregated. (Doc. No. 1.) The petition is presently ripe for disposition. For the reasons discussed below, the petition will be dismissed without prejudice.

**I.   BACKGROUND**

On April 19, 1994, following a plea of guilty to receiving stolen property, Petitioner was sentenced by the Court of Common Pleas of Bradford County in criminal case 92CR000691 to twelve to twenty-four months incarceration. (Doc. No. 10, at 11-12.) On that same date, he also pled guilty to Receiving Stolen Property and Dealing With a Vehicle with Falsified Numbers in criminal case 93CR000242, for which he received sentences of imprisonment of twelve to twenty-four months and six to twelve months. (Id. at 13-15.) These sentences were ordered to run concurrent to the sentence imposed in criminal case 92CR000691. (Id. at 13, 15.) The total aggregate sentence imposed was thirty to sixty months incarceration.

On September 14, 1994, after pleading guilty to the offense of Dealing in Titles and Plates of Stolen Vehicles, Petitioner was sentenced in the Court of Common Pleas of Wyoming County to a term

of imprisonment of six to twenty-four months to be served concurrent with the April 19, 1994 sentences.

Petitioner was interviewed by the Pennsylvania Board of Probation and Parole ("Board") on August 20, 1996. On August 30, 1996, the Board rendered a decision notifying Petitioner that he was to be paroled on or after October 18, 1996 "to County and Federal Detainer." (Doc. No. 10, at 38.) On October 4, 1996, the Board became aware of an October 2, 1996 Sullivan County detainer relating to new criminal charges filed against Petitioner. (Doc. No. 10, at 31, ¶ 13.) Consequently, the Board temporarily suspended the decision of August 30, 1996 "pending disposition of criminal charges." (Doc. 10, at 38.)

Also, on October 22, 1996, Petitioner was sentenced to a term of seventy months incarceration in the United States District Court for the Middle District of Pennsylvania. U.S.A. v. Sanders, No. 4:96-CR-00023. It was noted in the Judgment and Commitment that Petitioner was subject to an undischarged term of imprisonment for the state charges of Receiving Stolen Property and Dealing with a Vehicle with Falsified Numbers in Court of Common Pleas of Bradford County, case number 93CR000242. U.S.A. v. Sanders, No. 4:96-CR-00023, Doc. No. 51. The federal sentence was ordered to run concurrently with the undischarged term of imprisonment. (Id.)

On May 29, 1997, he was sentenced by the Court of Common Pleas of Bradford County in criminal case number 395 of 1996, to thirty to 120 months incarceration. The Pennsylvania Department of Corrections ("DOC") calculated Petitioner's minimum and maximum terms on the April 19, 1994, September 14, 1994 and May 29, 1997 sentences to be April 18, 1999, and April 18, 2009. (Doc. No. 10, at 32, ¶ 18.) A few months later, he was sentenced in the Sullivan County cases. (Id., ¶ 19; pp. 24-27.) The DOC recalculated his minimum and maximum terms to be July 10, 1999 and July 10, 2004. (Id. at 33, ¶ 20.)

On January 13, 1998, the Board rescinded the August 30, 1996 decision due to the "aggregation

of sentence." (Doc. No. 10, at 42.) He was next reviewed for parole on July 29, 1999. At that time, he was notified that he would be paroled to the federal detainer sentence. (Id., at 44.) On August 16, 1999, he was paroled from his state court sentences to the federal detainer sentence. (Id., at 48-50.) On January 3, 2002, he completed his federal sentence and was released from prison. (Doc. No.10, at 34, ¶ 29.)

On April 4, 2002, due to multiple parole violations, Petitioner was recommitted as a technical parole violator to serve nine months. (Id., at 52.) It was again noted that his maximum sentence was April 18, 2009. (Id.) He was refused parole on January 2, 2003 and January 23, 2004. (Doc. No. 10, at 54, 57.) Then, in September 2004, he filed a "Petition for Writ of Mandamus/Review" in the Pennsylvania Commonwealth Court arguing that he was serving an improperly aggregated sentence. (Doc. No. 10, at 85-86.) As relief, he sought to compel the Board to "properly aggregate his sentence or in the alternative, grant his petition and issue a Writ of Mandamus directed to the respondent Board requiring the Board to give the petitioner a new parole hearing with legal representation. . . ." (Id. at 88.)

On December 21, 2004, the Commonwealth Court dismissed the petition. (Doc. No. 10, at 99.) Shortly thereafter, on February 14, 2005, Petitioner was granted parole. He was released on June 8, 2005. (Doc. No. 10, at 60.)

On January 9, 2006, approximately seven months after his release, he was arrested in Delaware County and charged with new criminal conduct. He was sentenced by the Court of Common Pleas of Delaware County to nine to twenty-three months in the Delaware County Prison.

Based on the Delaware County charges, the Board issued a decision on May 18, 2006, recommitting him to a state correctional institution as a technical parole violator and ordering that he

serve six months back time, when available. (Doc. No. 10, at 68.)

On August 23, 2006, Petitioner was transferred from the Delaware County Prison pursuant to a Bradford County detainer to answer charges lodged in Bradford County Case No. 554 of 2006.

On August 30, 2006, he was paroled from his Delaware County sentence. Thereafter, on September 1, 2006, the Board recommitted Petitioner to a state correctional institution as a convicted parole violator. (Doc. No. 10, at 71.) It is anticipated that he will eventually return to the custody of the DOC as a convicted parole violator. (Doc. No. 10, at 36, ¶¶ 48, 51.)

## II.  DISCUSSION

Respondents first argue that the petition should be dismissed for failure to exhaust available state court remedies. The Court agrees. "It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). In order for a federal habeas petitioner to satisfy the exhaustion requirement, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001).

Title 28 U.S.C. § 2254(c) expressly provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." In the event that a federal court determines that there exists any possibility of state court review, the petition should be dismissed without prejudice. See Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997); Doctor

v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); Toulson, 987 F.2d at 987.

The DOC has the responsibility of calculating the minimum and maximum terms of imprisonment. See Gillespie v. Department of Corrections, 527 A.2d 1061 (Pa. Commw. 1987). "Pennsylvania courts have jurisdiction over claims alleging improper calculation of an inmate's criminal sentence," and "[s]uch claims must be presented to the Commonwealth Court." Wheeler v. PBPP, 2007 WL 1366888, at *5 (E.D.Pa. May 4, 2007), approved and adopted, No. 06-559, Order (E.D. Pa. filed 5/4/07); see Bright v. PBPP, 831 A.2d 775, 777-78 (Pa.Commw. 2003) ("A writ of mandamus will lie to compel the Department of Corrections to properly compute a prisoner's prison sentence."); Saunders v. Commonwealth, 749 A.2d 553, 554-55 (Pa.Commw. 2000); see also Jackson v. Vaughn, 777 A.2d 436, 438 (Pa. 2001).

Petitioner has failed to present his claims to the state courts. He has failed to pursue any relief with regard to the DOC's calculation of his minimum and maximum terms of imprisonment. Further, as noted above, the writ of mandamus filed in the Commonwealth Court, in which Petitioner sought to compel the Board to "properly aggregate his sentence or in the alternative, grant his petition and issue a Writ of Mandamus directed to the respondent Board requiring the Board to give the petitioner a new parole hearing with legal representation . . . ," was dismissed and it is undisputed that Petitioner failed to appeal this decision to the Pennsylvania Supreme Court.

Because Petitioner has failed to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process, see O'Sullivan, 526 U.S. at 844-45, he has failed to satisfy the exhaustion requirement, and his federal habeas petition will be dismissed without prejudice. See Banks, 126 F.3d at 213; Doctor, 96 F.3d at 681; Toulson, 987 F.2d at 987.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRUS ROBERT SANDERS, JR.,** | : | **CIVIL NO. 1:06-CV--2349** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **PA. DEPARTMENT OF** | : | |
| **CORRECTIONS,** | : | |
| **Respondents** | : | |

## ORDER

**AND NOW**, this 24th day of June 2008, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is DISMISSED without prejudice.

2. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

> S/ Yvette Kane
> Yvette Kane. Chief Judge
> United States District Judge
> Middle District of Pennsylvania